IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE RAY GILMORE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   C.A. No. 09-20 Erie |
| SUPERINTENDENT VESHECCO, et al.,<br>    Defendants. | )<br>)   Magistrate Judge Baxter<br>) |

**OPINION AND ORDER**

United States Magistrate Judge Susan Paradise Baxter.

I.   **INTRODUCTION**

   A.   **Relevant Procedural and Factual History**

   Plaintiff Willie Ray Gilmore, a prisoner formerly detained at the Erie County Prison[1] ("ECP"), brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against: James Veshecco, Warden at ECP ("Veshecco"); Major James Senyo, a corrections officer at ECP ("Senyo"); Eric Young, an adult individual formerly residing in Erie, Pennsylvania ("Mr. Young")[2]; and Darlene Dixson Young, an adult individual believed to be the wife of Mr. Young, who currently resides in Erie, Pennsylvania ("Mrs. Young").[3]

---

[1] Plaintiff was detained at ECP pending his sentencing on March 4, 2009, after which he was designated to serve his sentence at the State Correctional Institution at Pittsburgh.

[2] The docket indicates that the U.S. Marshal made several attempts to serve Mr. Young at his former residence at 909 East 20th Street, Erie, PA 16503; however, the U.S. Marshal's return of service form filed with this Court on July 17, 2009, states that Mr. Young "moved to Dallas, TX approximately 1 year ago," and left "no forwarding address." (Document # 22).   As a result, Mr. Young has never been served with the Complaint in this matter.

[3] The docket entries indicate that Mrs. Young was served with the Complaint on July 7, 2009, and was given a response date of July 27, 2009; however, no response has been filed by Mrs. Young, nor has any attorney entered an appearance on her behalf.

In his *pro se* complaint, which consists of a rambling collection of disjointed factual allegations and legal claims, Plaintiff appears to allege that, on or about December 22, 2008, he authorized ECP to release certain items of his property to Mr. Young, which consisted of: (i) a debit Visa card having a $614.00 credit balance; (ii) a "checkbook to [his] savings account;" (iii) an Access card for $176.00 worth of food stamps; (iv) two pairs of earrings; (v) a cellular phone and charger; (vi) a wallet; and (vii) code numbers to Plaintiff's various accounts. (Complaint at p. 5). Plaintiff alleges that his intent was to have Mr. Young use the money and property to obtain a bond for Plaintiff's release from pre-trial detention at ECP. Instead. Mr. Young allegedly stole the money and property that was released to him. Plaintiff alleges that he sought to grieve the issue at ECP, but was not given a grievance form to do so.

Plaintiff appears to be claiming that Defendants Veshecco and Senyo were negligent in failing to assist him with recovering his property and having charges filed and prosecuted against Mr. and Mrs. Young for the alleged theft. As relief for his claim, Plaintiff seeks monetary damages.

On April 15, 2009, Defendants Veshecco and Senyo filed a motion to dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted. [Document # 15]. Plaintiff has since filed a brief in opposition to Defendants' motion, essentially restating the allegations of his complaint. [Document # 19]. This matter is now ripe for consideration

**B.     Standards of Review**

    **1.     Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). <u>See</u> also <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009)

(specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.  This plausibility requirement will be a context-specific task

> that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Defendants Senyo and Veshecco

Plaintiff alleges that Defendants Senyo and Veshecco committed "negligence, caused by the administration delay in responding to plaintiff, and in chain of command." (Complaint at unnumbered p. 12). Significantly, Plaintiff is not claiming that either Defendant was involved in the theft of his money or property, or released his property to Mr. Young without his prior authorization. Instead, Plaintiff is simply complaining that Defendants Veshecco and Senyo

were negligent in failing to timely respond to his complaints regarding the theft of his property by Mr. Young.  However, the law is clear that a negligence claim does not state a basis for a § 1983 action.  See Davidson v. O'Lone, 752 F.2d 817, 826 (3d Cir. 1984)("negligence claims are not encompassed within § 1983"); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979)("[w]here a person suffers injury as an incidental and unintended consequence of official actions, the abuse of power contemplated in the due process and [eighth] amendment cases does not arise"); Kent v. Prasse, 385 F.2d 406 (3d Cir. 1967)(holding that tort committed by a state official under color of state law is not, in and of itself, sufficient to show an invasion of a person's constitutional rights under § 1983).  Accordingly, Plaintiff's claim against Defendants Senyo and Veshecco must be dismissed.

### 2.     Defendants Mr. And Mrs. Young

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory  provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  See 28 U.S.C. §1915(e)(2)[4].  Under this

---

[4] Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, Defendant Mr. Young was never served in this case, and Mrs. Young, although served, has not filed a timely response nor has an attorney entered an appearance on her behalf.  Nevertheless, it is clear from Plaintiff's allegations that neither Mr. or Mrs. Young was a state official or an individual acting under the color of state law at any time relevant to this action.[5]

In order to prevail on his Section 1983 claim, Plaintiff must establish that each Defendant acted under color of state law.  See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). If a defendant did not act under color of state law, then there is no basis for jurisdiction under Section 1983.  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).  Plaintiff has not alleged, nor can he show, that either Mr. or Mrs. Young was, at any relevant time, a state actor, or that his or her conduct was "fairly attributable to the state."  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  Thus, his claims against Defendants Mr. Young and Mrs. Young must be

---

[5]

In fact, the Court notes that Plaintiff has failed to make a single allegation against, or reference to, Mrs. Young in the body of the complaint, but has merely included her name in the caption of the case.  While Plaintiff does indicate in his opposition brief, for the first time, that Mrs. Young is an ex-employee of ECP, there is no indication that she was employed by ECP at the time of the incident at issue, or that she used such position to violate Plaintiff's constitutional rights.  In fact, the brief, like the complaint, fails to make any allegation against her.

dismissed as frivolous.

### III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Senyo and Veshecco [Document # 15] is GRANTED.  In addition, pursuant to this Court's authority under the PLRA, Plaintiff's claims against Defendants Mr. Young and Mrs. Young are dismissed as frivolous.

The Clerk is directed to mark this case closed.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  December 16, 2009